## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

SANDRA M. ROBINSON,

     Plaintiff,

v.                                       Case No. 8:24-cv-275-TPB-AEP

HCA HEALTHCARE SERVICES
FLORIDA, INC. d/b/a HCA FLORIDA
PASADENA HOSPITAL,

     Defendant.

_____/

## ORDER DISMISSING WITHOUT PREJUDICE PLAINTIFF'S COMPLAINT

This matter is before the Court *sua sponte* on Plaintiff Sandra M. Robinson's complaint. (Doc. 1). After reviewing the complaint, court file, and the record, the Court finds as follows:

In her complaint, Plaintiff Sandra M. Robinson, asserts that her former employer, Defendant HCA Healthcare Services Florida, Inc. d/b/a HCA Florida Pasadena Hospital, failed to accommodate her disability, retaliated against her, and terminated her employment. She alleges that the discriminatory conduct occurred "October 2021 through June 2022, July 11, 2022, July 11 through September 2022, August 3, 2022, October […]," although the text cuts off in the word "October." Plaintiff identifies her race as Caucasian, the year of her birth as 1957, and her disability or perceived disability as Covid.

Plaintiff does not allege many facts, but she claims that she engaged in protected activity from October 2021 through June 2022 after complaining about a racially hostile working environment by management toward black employees, participated in an investigation regarding another black employee's discrimination complaint, and reported and objected to patient are deficiencies that resulted in the death of a black patient.  She alleges that after doing so, management engaged in a campaign to retaliate against her to push her out of her organization, leading to a constructive discharge.  According to Plaintiff, her employment was scheduled to end on August 8, 2022, but Defendant prematurely terminated her on July 11, 2022, and that Defendant packed up her office and belongings on August 3, 2022.

The Court has undertaken a review of the complaint and finds that the complaint fails to comply with the Federal Rules of Civil Procedure and Local Rules of this Court.  First, Rule 10(b) of the Federal Rules of Civil Procedure provides that a party's claims must be stated in separately numbered paragraphs, although earlier paragraphs may be incorporated by reference.  The rule implicitly contemplates a single, sequential numbering of paragraphs.  Plaintiff's complaint does not follow the requirement of separately numbered paragraphs.

Second, Plaintiff does not set forth any causes of action in her complaint.  She must plead her complaint in separate claims for relief and include no more than one claim for relief in each count of her complaint.  This is particularly important where she has checked boxes for discriminatory conduct related to disability and retaliation under Title VII, the Age Discrimination in Employment Act of 1967, and

the Americans with Disabilities Act.  Above each count, in the form of a title or heading, she must name the claim for relief that the count alleges and whether the claim is based on federal or state law.

Perhaps most importantly, the complaint is also not a short, plain statement of the facts that would provide adequate notice to a defendant of the claims against it.  The complaint is vague as to the parties and persons involved, the events that occurred, and the relevant dates.  As drafted, the complaint is largely incoherent since Plaintiff fails to specifically state who discriminated or retaliated against her and how, and how the alleged conduct harmed her.  To be clear, in an amended complaint, Plaintiff must plead *facts* that show 1) who retaliated or discriminated against her, 2) what those people did that could be considered retaliation or discrimination that changed or altered her working conditions to constitute a constructive discharge – that is, what adverse actions were taken against Plaintiff; 3) more specific dates of events, particularly if Plaintiff relies on temporal proximity to support any of her claims; and 4) how the alleged conduct harmed her.

Because the complaint is facially insufficient and woefully inadequate, it is dismissed without prejudice, with leave to amend.  In her amended complaint, the Court reiterates that Plaintiff must take care to plead facts to support each of her individual claims.[1]  For instance, if she is asserting a claim based on a failure to accommodate a disability, she must plead facts about her disability and any

---

[1] These facts should be set out in separately numbered paragraphs either as part of each individual claim, or they may be incorporated into each individual count by reference to earlier stated facts.

accommodation requests she made, as well as the outcome of those requests. If she is asserting a claim based on disability discrimination, she must allege facts that show she is or was perceived as disabled, that she is a qualified individual, and that she was discriminated against because of her disability. If she is asserting a claim based on age discrimination, she must plead facts that show she was treated differently than similarly situated employees based on her age. If she is asserting a claim based on retaliation, she must plead facts that show she engaged in statutorily protected activity, that she suffered an adverse employment action, and that there is a causal connection between the protected conduct and adverse action.

Plaintiff is advised that even *pro se* plaintiffs must conform with procedural rules, including the Federal Rules of Civil Procedure and the Local Rules of the Middle District of Florida. Litigation - particularly in federal court - is difficult, and Plaintiff should consider hiring an attorney. If she is unable to afford counsel, she should consider the resources available to pro se litigants, including the Legal Information Program operated by the Tampa Bay Chapter of the Federal Bar Association, and the Middle District of Florida's guide to assist pro se litigants proceeding in federal court, which is located on the Court's website.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1.  The complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE**, with leave to amend to cure the defects identified in this Order.

2. Plaintiff is directed to file an amended complaint on or before April 22, 2024.  Failure to file an amended complaint as directed will result in this Order becoming a final judgment.  *See Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co.*, 953 F.3d 707, 719-20 (11th Cir. 2020).

**DONE** and **ORDERED** in Chambers, in Tampa, Florida this <u>29th</u> day of March, 2024.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**