UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SANDRA M. ROBINSON,

    Plaintiff,

v.                                                       Case No. 8:24-cv-275-TPB-AEP

HCA HEALTHCARE SERVICES
FLORIDA, INC. d/b/a HCA FLORIDA
PASADENA HOSPITAL,

    Defendant.
_____/

**ORDER DISMISSING WITHOUT PREJUDICE**
**PLAINTIFF'S AMENDED COMPLAINT**

This matter is before the Court *sua sponte* on Plaintiff Sandra M. Robinson's amended complaint. (Doc. 9). After reviewing the amended complaint, court file, and the record, the Court finds as follows:

In her amended complaint, Plaintiff Sandra M. Robinson asserts that her former employer, Defendant HCA Healthcare Services Florida, Inc. d/b/a HCA Florida Pasadena Hospital, failed to accommodate a disability, retaliated against her for statutorily protected conduct, and ultimately terminated her employment. She alleges that the discriminatory conduct occurred "October 2021 through June 2022, July 11, 2022, July 11 through September 2022, August 3, 2022, October 2022." Plaintiff identifies her race as Caucasian, the year of her birth as 1957, and

her disability or perceived disability as Covid.  She does not allege much about any retaliatory or discriminatory conduct other than termination.[1]  She seeks around $453,000 in damages, including wages with base pay and bonuses and emotional damages.

The Court previously dismissed Plaintiff's complaint as a shotgun pleading, for failing to include sufficient facts, and for failing to comply with the Federal Rules of Civil Procedure.  (Doc. 7).  Although Plaintiff includes more facts in her amended complaint, she still fails to set forth any causes of action and fails to comply with the Federal Rules of Civil Procedure.

The Court previously explained that *each* statement in the complaint needed to be asserted in a separately numbered paragraph.  *See* Fed. R. Civ. P. 10(b).  That way, Defendant is able to respond to each individual statement by either admitting, denying, or stating that it is without knowledge as to that allegation.  Plaintiff has failed to cure this defect – her amended complaint does not include separately numbered paragraphs.

The Court also explained that Plaintiff needed to set forth causes of action in her complaint by asserting counts.  The Court explained that each count should be set out in a different section, including a heading with the title of the claim (for instance, "Count 1 - Failure to Accommodate").  This is particularly important since Plaintiff refers to Title VII, the Age Discrimination in Employment Act of 1967, and

---

[1] Plaintiff appears to allege that she was terminated on July 11, 2022, but she also indicates that she contracted Covid on August 1, 2022, and attempted to return to work on August 7, 2022.  If she had already been terminated, Plaintiff's allegations about Covid would appear to be irrelevant to any potential discrimination claims.

the Americans with Disabilities Act, which are all different claims for relief with different elements. In any second amended complaint, each claim should set forth each cause of action that Plaintiff asserts and the elements of the cause of action, including sufficient facts to support each cause of action (either within each claim, or by incorporating previously articulated facts).

Perhaps most importantly, the complaint is also not a short, plain statement of the facts that would provide adequate notice to a defendant of the claims against it. Although the amended complaint includes more information about who was involved in the events, Plaintiff still does not factually explain the "hostile" treatment she received. She does not include *facts* that show what Defendant did that could be considered retaliation or discrimination that changed or altered her working conditions to constitute a constructive discharge – that is, what adverse actions were taken against Plaintiff other than termination.

In light of Plaintiff's *pro se* status, the Court will grant another opportunity to amend. In her second amended complaint, Plaintiff must set out each sentence in a separately numbered, sequential paragraph. Each cause of action must be set out in a different count. To be clear, if Plaintiff intends to assert a disability discrimination claim, an age discrimination claim, and a retaliation claim, she should have headings within her complaint that state "Count 1 – Disability Discrimination," "Count 2 – Age Discrimination," and "Count 3 – Retaliation." Each separate count must set forth the elements of that particular claim (in separately

numbered, sequential paragraphs), along with facts that would establish each element of the cause of action.[2]

**The Court again reiterates that even *pro se* plaintiffs must conform with procedural rules, including the Federal Rules of Civil Procedure and the Local Rules of the Middle District of Florida. Litigation - particularly in federal court - is difficult, and Plaintiff should consider hiring an attorney. If she is unable to afford counsel, she should consider the resources available to pro se litigants, including the Legal Information Program operated by the Tampa Bay Chapter of the Federal Bar Association, and the Middle District of Florida's guide to assist pro se litigants proceeding in federal court, which is located on the Court's website.**

---

[2] As the Court explained, for instance, if Plaintiff is asserting a claim based on a failure to accommodate a disability, in that count, she must plead facts about her disability and any accommodation requests she made, as well as the outcome of those requests.  If she is asserting a claim based on disability discrimination, in that count, she must allege facts that show she is or was perceived as disabled, that she is a qualified individual, and that she was discriminated against because of her disability.  If she is asserting a claim based on age discrimination, in that count, she must plead facts that show she was treated differently than similarly situated employees based on her age.  If she is asserting a claim based on retaliation, in that count, she must plead facts that show she engaged in statutorily protected activity, that she suffered an adverse employment action, and that there is a causal connection between the protected conduct and the adverse action.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. The amended complaint (Doc. 9) is **DISMISSED WITHOUT PREJUDICE**, with leave to amend to cure the defects identified in this Order.

2. Plaintiff is directed to file an amended complaint on or before April 25, 2024. Failure to file an amended complaint as directed will result in this Order becoming a final judgment. *See Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co.*, 953 F.3d 707, 719-20 (11th Cir. 2020).

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>4th</u> day of April, 2024.

*[Signature]*

**TOM BARBER**
**UNITED DISTRICT JUDGE**