UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SANDRA M. ROBINSON,

     Plaintiff,

v.                              Case No. 8:24-cv-275-TPB-AEP

HCA HEALTHCARE SERVICES
FLORIDA, INC. d/b/a HCA FLORIDA
PASADENA HOSPITAL,

     Defendant.

_____/

### ORDER GRANTING IN PART AND DENYING IN PART "DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S [SECOND] AMENDED COMPLAINT, AND MEMORANDUM OF LAW"

This matter is before the Court on "Defendant's Motion to Dismiss Plaintiff's [Second] Amended Complaint, and Memorandum of Law," filed by counsel on May 9, 2024.  (Doc. 15).  Plaintiff Sandra M. Robinson, who is proceeding *pro se*, did not file a response in opposition, so the motion is considered unopposed.  After reviewing the motion, court file, and the record, the Court finds as follows:

### Background[1]

In her amended complaint, Plaintiff Sandra M. Robinson asserts that her former employer, Defendant HCA West Florida-PPH, LLC d/b/a HCA Florida

---

[1] The Court accepts as true the facts alleged in Plaintiff's complaint for purposes of ruling on the pending motion to dismiss.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.").  The Court is not required to accept as true any legal conclusions couched as factual allegations.  *See Papasan v. Allain*, 478 U.S. 265, 286 (1986).

Pasadena Hospital, failed to accommodate a disability, retaliated against her for statutorily protected conduct, and ultimately terminated her employment.  Plaintiff identifies her race as Caucasian, the year of her birth as 1957, and her disability or perceived disability as Covid.  She does not allege much about any retaliatory or discriminatory conduct other than termination.[2]  She seeks around $453,000 in damages, including wages with base pay and bonuses and emotional damages.

The Court previously dismissed Plaintiff's complaint as a shotgun pleading, for failing to include sufficient facts, and for failing to comply with the Federal Rules of Civil Procedure.  (Docs. 1; 7).  The Court dismissed Plaintiff's (first) amended complaint for failing to state a claim and failing to comply with the Federal Rules of Civil Procedure.  (Docs. 9; 11).  On April 25, 2024, Plaintiff filed her second amended complaint.  (Doc. 13).  Defendant seeks dismissal of the second amended complaint with prejudice.  (Doc. 15).

## Legal Standard

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief."  Fed. R. Civ. P. 8(a).  While Rule 8(a) does not demand "detailed factual allegations," it does require "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In order to survive a motion to dismiss, factual

---

[2] Plaintiff appears to allege that she was terminated on July 11, 2022, but she also indicates that she contracted Covid on August 1, 2022, and attempted to return to work on August 7, 2022.  If she had already been terminated, Plaintiff's allegations about Covid would appear to be irrelevant to any potential discrimination claims.

allegations must be sufficient "to state a claim to relief that is plausible on its face." *Id.* at 570.

When deciding a Rule 12(b)(6) motion, review is generally limited to the four corners of the complaint. *Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232, 233 (M.D. Fla. 1995). Furthermore, when reviewing a complaint for facial sufficiency, a court "must accept [a] [p]laintiff's well pleaded facts as true, and construe the [c]omplaint in the light most favorable to the [p]laintiff." *Id.* (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "[A] motion to dismiss should concern only the complaint's legal sufficiency, and is not a procedure for resolving factual questions or addressing the merits of the case." *Am. Int'l Specialty Lines Ins. Co. v. Mosaic Fertilizer, LLC*, No. 8:09-cv-1264-T-26TGW, 2009 WL 10671157, at *2 (M.D. Fla. Oct. 9, 2009) (Lazzara, J.).

As Plaintiff in this case is proceeding *pro se*, the Court more liberally construes the pleadings. *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). However, a *pro se* plaintiff must still conform with procedural rules and the Court does not have "license to serve as de facto counsel" on behalf of a *pro se* plaintiff. *United States v. Padgett*, 917 F.3d 1312, 1317 (11th Cir. 2019).

## Analysis

### *"Retaliation and Harassment for Opposing Practices and Behaviors that Were Discriminatory"*

In this claim, Plaintiff attempts to plead retaliation and/or retaliatory harassment under Title VII. To state a claim for retaliation, Plaintiff must allege that: (1) she engaged in statutorily protected activity; (2) she suffered a materially

adverse action; and (3) there is some causal relation between the two events. *See Hopkins v. Saint Lucie Cty. Sch. Bd.*, 399 F. App'x 563, 566 (11th Cir. 2010) (citing *McCann v. Tillman*, 526 F.3d 1370, 1375 (11th Cir. 2008), *cert. denied*, 555 U.S. 944 (2008)). Title VII's antiretaliation provision does not protect an individual from all retaliation but from retaliation that produces an injury or harm. *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 67 (2006). Importantly, a plaintiff must show a material adversity – "Title VII . . . does not set forth a 'general civility code for the American workplace," and "petty slights, minor annoyances, and simple lack of good manners" will not rise to the level of materially adverse actions for retaliation purposes. *Id.* at 68.

Plaintiff does not clearly identify any statutorily protected activity under Title VII in which she engaged. To prove Title VII retaliation, "a plaintiff must show that she had a good faith, reasonable belief that the employer was engaged in unlawful employment practices." *Weeks v. Harden Mfg. Corp.*, 291 F.3d 1307, 1311 (11th Cir. 2022); *see* 42 U.S.C. § 2000e-3(a). Most, if not all, of Plaintiff's identified activities would not implicate Title VII – such as her advocacy for a young black patient's care or "voicing concerns" over patient discharge issues – because they do not involve employment practices.

It appears that Plaintiff may be attempting to allege she opposed racial discrimination by requesting direction and assistance from her supervisors pertaining to the process of filing hostile and retaliatory work environment complaints based on perceived discriminatory treatment toward two black

employees, but the amended complaint does not make this sufficiently clear. Furthermore, it does not appear that the statute would cover this type of activity – Title VII protects employees who file formal complaints, as well as those who informally voice complaints to their supervisors or who use their employer's internal grievance procedures. *Gogel v. Kia Motors Manufacturing of Georgia, Inc.*, 967 F.3d 1121, 1144 (11th Cir. 2020) (citing *Furcron v. Mail Centers Plus*, LLC, 843 F.3d 1295, 1311 (11th Cir. 2016)). But merely *inquiring* about how to complain or use internal procedures does not seem sufficient to state a plausible claim based on the opposition clause.

Moreover, most of the complained adverse actions – that Plaintiff was shunned, ignored, dismissed when speaking, excluded from meetings, not greeting with "hello," ignored, or provided with late documents – would not rise to the level of materially adverse employment actions. These actions are best described as the petty slights, minor annoyances, and lack of good manners that governing case law has determined to be non-actionable under Title VII. However, Plaintiff identifies termination as a materially adverse action, which is actionable and would be facially sufficient to satisfy that element of the retaliation claim.

As pleaded, Plaintiff's Title VII retaliation claim is insufficient. Because it is possible that Plaintiff may be able to state a claim, the Court will grant her one last opportunity to amend.

***"Age Discrimination"***

In this count, Plaintiff asserts an age discrimination claim under the Age Discrimination in Employment Act ("ADEA"). The ADEA protects individuals who are at least 40 years old from age discrimination in employment. 29 U.S.C. § 631(a). To bring an ADEA claim, a plaintiff must file a timely charge of discrimination with the EEOC or appropriate state or local agency.

The EEOC charge filed by Plaintiff does not explicitly indicate that age was one of the bases of alleged discrimination. The form, however, does indicate "Other" in the "Discrimination Based On" box, and in the narrative section of her complaint, Plaintiff briefly mentions the age-related comments she complains of in this case. The facts alleged in her EEOC charge could therefore have reasonably been extended to encompass an age discrimination claim. *See, e.g.*, *Gregory v. Georgia Dept. of Human Resources*, 355 F.3d 1277, 1280 (11th Cir. 2004) (explaining that "[i]n light of the purpose of the EEOC exhaustion requirement, [the Eleventh Circuit has] held that a 'plaintiff's judicial complaint is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination[]'" and noting that courts are reluctant to allow procedural technicalities to bar Title VII claims).

However, Plaintiff has not pled sufficient facts to state a cause of action for age discrimination. To state a claim, Plaintiff must plead facts to show that she: (1) was a member of a protected group; (2) was subject to an adverse employment action; (3) was qualified to do her job; and (4) was replaced by a younger individual.

*Hernandez v. Gen. Motors Fin. Co., Inc.*, No. 19-cv-20136-UU, 2019 WL 13470199, at *3 (S.D. Fla. Mar. 14, 2019) (citing *Benson v Tocco, Inc.*, 113 F.3d 1203, 1207-08 (11th Cir. 1997)).

Plaintiff alleges that a supervisor made comments to Plaintiff about having "older leaders in the building who need to retire" and the need for "younger leaders" on April 13, 2022, and at other times. Plaintiff claims that she was "uncomfortable" with these conversations and became concerned that her own job would be in jeopardy. However, Plaintiff does not plead facts to show that she herself was subjected to an adverse employment action – such as termination – based on her age, or that she was replaced by a younger individual. The facts alleged do not come close to establishing a claim that *Plaintiff* was discriminated against due to *Plaintiff's* age.

Because the Court is granting Plaintiff the opportunity to amend her complaint, the Court will allow Plaintiff to attempt to assert an age discrimination claim in her amended complaint, if she may do so in good faith. That means Plaintiff must allege facts showing that *she herself* was terminated or suffered another adverse employment action *due to her own age* because she cannot assert an age discrimination claim based on actions taken or complaints made about others.

### *"Retaliation Under the ADA"*

Plaintiff also asserts an ADA retaliation claim. The ADA prohibits an employer from discriminating against a qualified individual "because such

individual has opposed an unlawful act under the ADA, or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under those statutes." *Rohttis v. Sch. Dist. of Lee Cty.*, No. 2:21-cv-737-JES-NPM, 2022 WL 3028071, at *6 (M.D. Fla. Aug. 1, 2022) (citing 42 U.S.C. §12203(a)).  To plead an ADA retaliation claim, Plaintiff must allege that: "(1)[s]he engaged in conduct protected by the ADA; (2) [s]he suffered an adverse employment action; and (3) the adverse employment action was causally related to the protected conduct." *Id.* (citing *Powell v. Space Coast Credit Union*, No. 6:15-cv-550-Orl-22TBS, 2015 WL 9664963, at *5 (M.D. Fla. Dec. 23, 2015)).

In her amended complaint, Plaintiff does not allege that she engaged in any activity actually or potentially implicating the ADA – she does not identify participation in any allegedly protected activity, such as making a charge, testifying, assisting, or participating in an investigation, proceeding, or hearing. *See id.* at *5 (disclosure of positive COVID-19 test to employer does not implicate protected activity under the ADA).  Plaintiff merely alleges that she informed her supervisor that Plaintiff had tested positive for COVID-19, and that she was not permitted to return from her 5-day quarantine.

In addition, the amended complaint is still confusing as to the timing of the allegedly adverse employment action and causation.  To be clear, if Plaintiff was terminated in July 2022 – before she tested positive for COVID-19 – she cannot

establish an ADA retaliation claim or any other claim based on her later COVID diagnosis.

To the extent Plaintiff may have intended to assert an ADA discrimination claim or failure to accommodate claim rather than an ADA retaliation claim, Plaintiff has not alleged facts to demonstrate that her alleged COVID-19 diagnosis is a disability. It does not appear she can do so – she alleges that she had mild symptoms and was only subject to a 5-day quarantine before she was permitted to return to work. These facts would not establish a disability.

Nonetheless, in an abundance of caution, the Court will grant leave to amend as to this Count, if Plaintiff may do so in good faith. The amended complaint must clarify the timeline of events, including the date of termination and the date of Plaintiff's positive COVID-19 result. If Plaintiff intends to assert an ADA retaliation claim, she must identify protected activity in which she claims to have engaged. If Plaintiff intends to assert a disability discrimination claim, she must plead sufficient facts to establish that COVID-19 constituted a disability due to the severity of her symptoms. And if she intends to assert a reasonable accommodation claim, she must clearly identify any accommodations she requested, along with the outcomes of those requests.

### *General Pleading Defects*

The Court previously explained that *each* sentence or statement in the complaint needed to be asserted in a separately numbered paragraph. *See* Fed. R. Civ. P. 10(b). That way, Defendant is able to respond to each individual statement

by either admitting, denying, or stating that it is without knowledge as to that allegation.  Plaintiff has failed to cure this defect – although her second amended complaint includes numbered paragraphs, she includes too many factual allegations in each paragraph, making it difficult for Defendant to respond by admitting or denying each paragraph.  To avoid future confusion – each sentence should be a separately numbered paragraph.

The Court also explained that Plaintiff needed to set forth causes of action in her complaint by asserting counts.  The Court explained that each count should be set out in a different section, including a heading with the title of the claim (for instance, "Count 1 - Failure to Accommodate").  This is particularly important since Plaintiff refers to Title VII, the Age Discrimination in Employment Act of 1967, and the Americans with Disabilities Act, which are all different claims for relief with different elements.  Plaintiff tried to cure this issue, but she has labeled each claim as "Count I," which is confusing.  Her first claim should be labeled "Count 1," her second claim labeled "Count 2," her third claim labeled "Count 3," and so on.  To be clear, if Plaintiff intends to assert a disability discrimination claim, an age discrimination claim, and a retaliation claim, she should have headings within her complaint that state "Count 1 – Disability Discrimination," "Count 2 – Age Discrimination," and "Count 3 – Retaliation."  Each separate count must set forth the elements of that particular claim (in separately numbered, sequential paragraphs), along with sufficient facts that would establish each element of the

cause of action (either within each claim, or by incorporating previously articulated facts).[3]

In light of Plaintiff's *pro se* status, the Court will grant another opportunity to amend. In her third amended complaint, Plaintiff must set out each sentence in a separately numbered, sequential paragraph. Each cause of action must be set out in a different count.

**The Court again reiterates that even *pro se* plaintiffs must conform with procedural rules, including the Federal Rules of Civil Procedure and the Local Rules of the Middle District of Florida. Litigation - particularly in federal court - is difficult, and Plaintiff should consider hiring an attorney. If she is unable to afford counsel, she should consider the resources available to *pro se* litigants, including the Legal Information Program operated by the Tampa Bay Chapter of the Federal Bar Association, and the Middle District of Florida's guide to assist *pro se* litigants proceeding in federal court, which is located on the Court's website. The Court is unlikely to grant another opportunity to amend.**

---

[3] As the Court explained, for instance, if Plaintiff is asserting a claim based on a failure to accommodate a disability, in that count, she must plead facts about her disability and any accommodation requests she made, as well as the outcome of those requests. If she is asserting a claim based on disability discrimination, in that count, she must allege facts that show she is or was perceived as disabled, that she is a qualified individual, and that she was discriminated against because of her disability. If she is asserting a claim based on age discrimination, in that count, she must plead facts that show she was treated differently than similarly situated employees based on her age. If she is asserting a claim based on retaliation, in that count, she must plead facts that show she engaged in statutorily protected activity, that she suffered an adverse employment action, and that there is a causal connection between the protected conduct and the adverse action.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1.  "Defendant's Motion to Dismiss Plaintiff's [Second] Amended Complaint, and Memorandum of Law" (Doc. 15) is **GRANTED IN PART** and **DENIED IN PART**.

2.  The motion is granted to the extent that the second amended complaint (Doc. 13) is **DISMISSED WITHOUT PREJUDICE**, with leave to amend to cure the defects identified in this Order.

3.  The motion is otherwise **DENIED**.

4.  Plaintiff is directed to file an amended complaint on or before September 17, 2024.  Failure to file an amended complaint as directed will result in this Order becoming a final judgment.  *See Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co.*, 953 F.3d 707, 719-20 (11th Cir. 2020).

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>27th</u> day of August, 2024.

TOM BARBER
UNITED STATES DISTRICT JUDGE