UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SANDRA M. ROBINSON,

    Plaintiff,

v.                                                 Case No. 8:24-cv-275-TPB-AEP

HCA HEALTHCARE SERVICES
FLORIDA, INC. d/b/a HCA FLORIDA
PASADENA HOSPITAL,

    Defendant.
_____/

**ORDER GRANTING "DEFENDANT'S MOTION TO DISMISS
PLAINTIFF'S THIRD AMENDED COMPLAINT WITH PREJUDICE"**

This matter is before the Court on "Defendant's Motion to Dismiss Plaintiff's Third Amended Complaint With Prejudice," filed by counsel on September 27, 2024. (Doc. 40). Plaintiff Sandra M. Robinson, who is proceeding *pro se*, filed a response in opposition on October 12, 2024. (Doc. 44). After reviewing the motion, response, court file, and the record, the Court finds as follows:

**Background**[1]

In her third amended complaint, Plaintiff Sandra M. Robinson asserts that her former employer, Defendant HCA Healthcare Services Florida, Inc. d/b/a HCA Florida Pasadena Hospital, failed to accommodate a disability, retaliated against

---

[1] The Court accepts as true the facts alleged in Plaintiff's complaint for purposes of ruling on the pending motion to dismiss. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint."). The Court is not required to accept as true any legal conclusions couched as factual allegations. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986).

her for statutorily protected conduct, and ultimately terminated her employment. Plaintiff identifies her race as Caucasian, the year of her birth as 1957, and her disability or perceived disability as Covid. She seeks around $453,000 in damages, including wages with base pay and bonuses and emotional damages.

The Court previously dismissed Plaintiff's complaint as a shotgun pleading, for failing to include sufficient facts, and for failing to comply with the Federal Rules of Civil Procedure. (Docs. 1; 7). The Court dismissed Plaintiff's first amended complaint and second amended complaint for failing to state a claim and failing to comply with the Federal Rules of Civil Procedure. (Docs. 9; 11; 13; 37). With each dismissal, the Court specifically identified deficiencies and explained what Plaintiff must do to correct those defects.

On September 16, 2024, Plaintiff filed her third amended complaint. (Doc. 39). Defendant seeks dismissal of the third amended complaint with prejudice. (Doc. 40).

## Legal Standard

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). While Rule 8(a) does not demand "detailed factual allegations," it does require "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In order to survive a motion to dismiss, factual

allegations must be sufficient "to state a claim to relief that is plausible on its face." *Id.* at 570.

When deciding a Rule 12(b)(6) motion, review is generally limited to the four corners of the complaint. *Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232, 233 (M.D. Fla. 1995). Furthermore, when reviewing a complaint for facial sufficiency, a court "must accept [a] [p]laintiff's well pleaded facts as true, and construe the [c]omplaint in the light most favorable to the [p]laintiff." *Id.* (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "[A] motion to dismiss should concern only the complaint's legal sufficiency, and is not a procedure for resolving factual questions or addressing the merits of the case." *Am. Int'l Specialty Lines Ins. Co. v. Mosaic Fertilizer, LLC*, No. 8:09-cv-1264-T-26TGW, 2009 WL 10671157, at *2 (M.D. Fla. Oct. 9, 2009) (Lazzara, J.).

As Plaintiff in this case is proceeding *pro se*, the Court more liberally construes the pleadings. *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). However, a *pro se* plaintiff must still conform with procedural rules and the Court does not have "license to serve as de facto counsel" on behalf of a *pro se* plaintiff. *United States v. Padgett*, 917 F.3d 1312, 1317 (11th Cir. 2019).

A district court must generally permit a plaintiff at least one opportunity to amend a complaint's deficiencies before dismissing the complaint with prejudice. *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018). "Implicit in such a repleading order is the notion that if the plaintiff fails to comply with the court's order – by filing a repleader with the same deficiency – the court should

strike his pleading or, depending on the circumstances, dismiss his case and consider the imposition of monetary sanctions." *Jackson v. Bank of America, N.A.*, 898 F.3d 1348, 1358 (11th Cir. 2018) (internal quotations and citation omitted).

## Analysis

### *Title VII Retaliation (Count 1)*

In Count 1, Plaintiff attempts to plead retaliation in violation of Title VII. To state a claim for retaliation, Plaintiff must allege that: (1) she engaged in statutorily protected activity; (2) she suffered a materially adverse action; and (3) there is some causal relation between the two events. *See Hopkins v. Saint Lucie Cty. Sch. Bd.*, 399 F. App'x 563, 566 (11th Cir. 2010) (citing *McCann v. Tillman*, 526 F.3d 1370, 1375 (11th Cir. 2008), *cert. denied*, 555 U.S. 944 (2008)). Title VII's antiretaliation provision does not protect an individual from all retaliation but from retaliation that produces an injury or harm. *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 67 (2006). Importantly, a plaintiff must show a material adversity – "Title VII . . . does not set forth a 'general civility code for the American workplace,'" and "petty slights, minor annoyances, and simple lack of good manners" will not rise to the level of materially adverse actions for retaliation purposes. *Id.* at 68.

Plaintiff does not clearly identify any statutorily protected activity under Title VII in which she engaged. To prove Title VII retaliation, "a plaintiff must show that she had a good faith, reasonable belief that the employer was engaged in unlawful employment practices." *Weeks v. Harden Mfg. Corp.*, 291 F.3d 1307, 1311

(11th Cir. 2022); *see* 42 U.S.C. § 2000e-3(a).  Most, if not all, of Plaintiff's identified activities would not implicate Title VII – such as her advocation for a young black patient's care or "voicing concerns" over patient discharge issues – because they do not involve *employment practices*.

It appears that Plaintiff may be attempting to allege she opposed racial discrimination by requesting direction and assistance from her supervisors pertaining to the process of filing hostile and retaliatory work environment complaints based on perceived discriminatory treatment toward two black employees, but the third amended complaint does not make this sufficiently clear.  Furthermore, it does not appear that the statute would cover this type of activity – Title VII protects employees who file formal complaints, as well as those who informally voice complaints to their supervisors or who use their employer's internal grievance procedures.  *Gogel v. Kia Motors Manufacturing of Georgia, Inc.*, 967 F.3d 1121, 1144 (11th Cir. 2020) (citing *Furcron v. Mail Centers Plus*, LLC, 843 F.3d 1295, 1311 (11th Cir. 2016)).  But merely *inquiring* about how to complain or use internal procedures does not seem sufficient to state a plausible claim based on the opposition clause.

As pleaded, Plaintiff's Title VII retaliation claim remains insufficient.  The Court has given Plaintiff multiple opportunities to cure these and other defects, but she has failed to do so.  *See Jackson*, 898 F.3d at 1358; *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part by Wagner v. Daewoo Heavy Indus. Am.*

*Corp.*, 314 F.3d 541, 542 (11th Cir. 2002).  Consequently, Count 1 is dismissed with prejudice.

### *Racial Discrimination Under § 1981 (Count 2)*

In Count 2, Plaintiff appears to allege a racial discrimination claim based on her opposition to racially discriminatory practices.  § 1981 prohibits discrimination based on race in the making and enforcement of contracts, including employment contracts.  *See Rodriguez v. Procter & Gamble Co.*, 338 F. Supp. 3d 1283, 1286 (S.D. Fla. 2018).  To state a claim, a plaintiff must allege that (1) she is a member of a protected class; (2) the defendant discriminated against her based on her membership in that class; and (3) the discrimination concerned one of § 1981's enumerated activities: "the right to make and enforce contracts, to sue, and to give evidence."  *Jackson v. BellSouth Telecommunications*, 372 F.3d 1250, 1270 (11th Cir. 2004).

Plaintiff is a Caucasian female and does not sufficiently plead that she was discriminated against based on her status as a Caucasian woman.  She also does not allege discrimination against Plaintiff that concerned one of § 1981's enumerated activities.  To be clear, even if Defendant were discriminating against black employees, that would not give *Plaintiff* the right to bring a § 1981 claim for *discrimination under § 1981* on her own behalf.  This is simply not permissible.  Count 2 is therefore dismissed with prejudice.

*Age Discrimination (Count 3)*

In Count 3, Plaintiff asserts an age discrimination claim under the Age Discrimination in Employment Act ("ADEA"). The ADEA protects individuals who are at least 40 years old from age discrimination in employment. 29 U.S.C. § 631(a). To state a claim, Plaintiff must plead facts to show that she: (1) was a member of a protected group; (2) was subject to an adverse employment action; (3) was qualified to do her job; and (4) was replaced by a younger individual. *Hernandez v. Gen. Motors Fin. Co., Inc.*, No. 19-cv-20136-UU, 2019 WL 13470199, at *3 (S.D. Fla. Mar. 14, 2019) (citing *Benson v Tocco, Inc.*, 113 F.3d 1203, 1207-08 (11th Cir. 1997)).

Plaintiff has not pled sufficient facts to state a cause of action for age discrimination. Plaintiff alleges that a supervisor made comments to Plaintiff about having "older leaders in the building who need to retire" and the need for "younger leaders" on April 13, 2022, and at other times. Plaintiff claims that she was "uncomfortable" with these conversations and became concerned that her own job would be in jeopardy. However, Plaintiff does not plead facts to show that she herself was subjected to an adverse employment action – such as termination – based on her age. The facts alleged do not come close to establishing a claim that *Plaintiff* was discriminated against due to *Plaintiff's* age.[2]

---

[2] In fact, Plaintiff states that when she resigned in April 2022, her supervisor asked Plaintiff to extend the effective date of her resignation by several months to give Defendant an opportunity to find a suitable replacement for Plaintiff. Just because that replacement was younger that Plaintiff does not mean that Plaintiff was discriminated against based on Plaintiff's age.

As pleaded, Plaintiff's age discrimination claim remains insufficient. The Court has given Plaintiff multiple opportunities to cure these and other defects, but she has failed to do so. Consequently, this claim is dismissed with prejudice.

***Retaliation and Failure to Accommodate in Violation of the ADA (Count 4)***

In Count 4, Plaintiff asserts two ADA-related claims – an ADA retaliation claim and a failure to accommodate claim. The Court notes that despite its prior warnings to Plaintiff to separate out her claims into different counts, she improperly combined her retaliation and failure to accommodate claims. This constitutes a shotgun pleading, and the claim is subject to dismissal for this reason alone. However, the Court will explain why even if the claims were properly separated, Plaintiff has still failed to state an ADA retaliation or failure to accommodate claim.

ADA Retaliation

The ADA prohibits an employer from discriminating against a qualified individual "because such individual has opposed an unlawful act under the ADA, or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under those statutes." *Rohttis v. Sch. Dist. of Lee Cty.*, No. 2:21-cv-737-JES-NPM, 2022 WL 3028071, at *6 (M.D. Fla. Aug. 1, 2022) (citing 42 U.S.C. §12203(a)). To plead an ADA retaliation claim, Plaintiff must allege that: "(1)[s]he engaged in conduct protected by the ADA; (2) [s]he suffered an adverse employment action; and (3) the adverse employment action was causally related to the protected conduct." *Id.* (citing *Powell v. Space*

*Coast Credit Union*, No. 6:15-cv-550-Orl-22TBS, 2015 WL 9664963, at *5 (M.D. Fla. Dec. 23, 2015)).

In her amended complaint, Plaintiff does not allege that she engaged in any activity actually or potentially implicating the ADA – she does not identify participation in any allegedly protected activity, such as making a charge, testifying, assisting, or participating in an investigation, proceeding, or hearing. Plaintiff merely alleges that she informed her supervisor that Plaintiff had tested positive for COVID-19, and that she was not permitted to return from her 5-day quarantine. This is clearly insufficient to establish an ADA retaliation claim. *See id.* at *5 (disclosure of positive COVID-19 test to employer does not implicate protected activity under the ADA). This portion of Count 4 is dismissed with prejudice.

<u>Failure to Accommodate Claim</u>

To the extent Plaintiff asserts an ADA failure to accommodate claim, Plaintiff has not alleged facts to demonstrate that her alleged COVID-19 diagnosis is a disability. It does not appear she can do so – she alleges that she had mild symptoms and was only subject to a 5-day quarantine before she was permitted to return to work. It would be absurd to hold that any employee who contracted COVID-19 was disabled, and these facts would not establish a disability.

Moreover, Plaintiff continues to assert confusing and contradictory allegations related to her COVID-19 diagnoses and request(s) for accommodation. For instance, as the Court has continued to point out, the dates asserted by Plaintiff

make little sense – if she was already separated from her employment on July 11, 2022, Defendant could not have failed to accommodate and/or could not have retaliated against her by terminating her in August 2022.  She also appears to plead that she requested a reasonable accommodation of working from home during her recovery from COVID-19, but she does not actually claim that Defendant did not allow her to work from home – instead, she claims that Defendant denied her an accommodation of providing her a workspace upon her return to work.  This portion of Count 4 is dismissed with prejudice.

### *Retaliation in Violation of Florida Private Whistleblower Act (Count 5)*

In Count 5, Plaintiff attempts to assert – for the first time – a claim for retaliation under the Florida Whistleblower Act ("FWA"), Fla. Stat. § 760.11, *et seq*. She claims that she engaged in protected activity under the Act by reporting patient care concerns, racial discrimination, unsafe working conditions, and billing discrepancies and fraudulent billing.  Plaintiff alleges that Defendant retaliated against her by excluding her from workplace activities, withholding critical information from her, harming her reputation, cancelling earned benefits, attempting to classify her as "do not rehire," verbally reprimanding her, and other things up until her termination.

Under § 448.103, *F.S.*, an employee subject to retaliatory action in violation of the Florida Whistleblower's Act may initiate a civil action "within 2 years after discovering that the alleged retaliatory personnel action was taken, or within 4 years after the personnel action was taken, whichever is earlier."  In FWA claims

based on employment termination, the cause of action accrues on the date of termination.³ *See Dawodu v. DHL Express (USA) Inc.*, No. 18-24587-CIV-WILLIAMS, 2019 WL 13255539, at *2 (S.D. Fla. Feb. 8, 2019); *Sanders v. Temenos USA, Inc.*, No. 16-cv-63040-BLOOM/Valle, 2017 WL 3336719, at *3 (S.D. Fla. Aug. 4, 2017); *Bracamonte v. Parsons Transportation Grp., Inc.*, No. 11-24410-CIV-SEITZ/SIMONTON, 2012 WL 13014691, at *3 (S.D. Fla. July 25, 2012).

Although the third amended complaint remains confusing as to the date of Plaintiff's separation from employment, construing in light most favorable to Plaintiff, the latest possible date pled is August 15, 2022. The third amended complaint, which asserted this FWA claim for the first time, was not filed until September 16, 2024. Plaintiff was aware of the alleged facts that would comprise a cause of action for whistleblower retaliation as they include actions such as verbal reprimands, the cancellation of benefits, and termination. Any FWA claim is therefore time-barred. *See Bost v. Fed. Express Corp.*, 372 F.3d 1233, 1242 (11th Cir. 2004) ("Dismissal of a complaint, without prejudice, does not allow a later complaint to be filed outside the statute of limitations."); *Johnson v. Fla. Dep't of Health/Martin Cty. Health Dep't*, No. 12-80289-CIV, 2012 WL 6061770, at *2 (S.D. Fla. Dec. 6, 2012) (granting defense motion to dismiss after review of second amended complaint demonstrated that it was untimely as a matter of law after first complaint was dismissed without prejudice). Count 5 is dismissed with prejudice.

---

³ Although Plaintiff complains of adverse actions that occurred prior to termination, she was clearly aware of these actions at the time of her termination from Defendant, and the termination constitutes the last possible adverse action suffered.

*Constructive Discharge in Violation of Title VII, ADA, and ADEA (Count 6)*

In Count 6, Plaintiff attempts to assert a constructive discharge claim in violation of Title VII, the ADA, ADEA, and the FWA.[4] The Court again notes that despite its prior warnings to Plaintiff to separate out her claims into different counts, she improperly combined her claims under Title VII, the ADA, and ADEA in Count 6. This constitutes a shotgun pleading, and the claim is subject to dismissal for this reason alone.

In addition, a constructive discharge claim requires proof that the work environment and employment conditions were "so unbearable that a reasonable person in the same position would have felt compelled to resign." *Medearis v. CVS Pharmacy, Inc.*, 646 F. App'x 891, 898 (11th Cir. 2016). This presents an extremely high threshold. *See id.* ("The standard for proving constructive discharge is higher than the standard for proving a hostile work environment."). Significantly, "Title VII does not protect employees from stressful workplace environments." *Id.*

Here, Plaintiff alleges that she was excluded from workplace activities, subjected to the withholding of information, suffered reputational harm, received a negative performance valuation despite meeting or exceeding goals, was subjected to attempts to classify her as "do not rehire," and received verbal reprimands. She also alleges that she was prematurely terminated before being reinstated without the same level of access, that Defendant removed her belongings and changed her

---

[4] Plaintiff alleges that she was actually terminated from her position, so it is unclear why also claims that she was constructively discharged.

office lock without notification, and that Defendant pressured Plaintiff to leave after her COVID-19 diagnosis.

Plaintiff has also not sufficiently pled that Defendant was motivated by Plaintiff's race, age, or disability. Moreover, Plaintiff has not actually pled any intolerable working condition that forced her to resign. *See, e.g., Agostino v. Lee Cty. Bd. of Cty. Commr's*, No. 2:17-cv-236-FTM-99cm, 2017 WL 2930807, at *3 (M.D. Fla. July 10, 2017). Accepting all of Plaintiff's allegations as true, even if the Court were to disagree with the behavior of Plaintiff's supervisors, these facts simply do not rise to the level of constructive discharge. Because the Court has granted Plaintiff several opportunities to cure deficiencies and she has failed to do so, Count 6 is dismissed with prejudice.

## Conclusion

The third amended complaint remains woefully insufficient. Plaintiff has been warned – numerous times – of the defects identified here and of other defects. The Court has explained – numerous times – the difficulties of civil litigation in its written orders and at in-person status conferences. For instance, in its most recent order dismissing the second amended complaint, the Court wrote:

> **The Court again reiterates that even *pro se* plaintiffs must conform with procedural rules, including the Federal Rules of Civil Procedure and the Local Rules of the Middle District of Florida. Litigation – particularly in federal court – is difficult, and Plaintiff should consider hiring an attorney. If she is unable to afford counsel, she should consider the resources available to *pro se* litigants, including the Legal Information Program operated by the Tampa Bay Chapter of the Federal**

> Bar Association, and the Middle District of Florida's guide to assist *pro se* litigants proceeding in federal court, which is located on the Court's website.  The Court is unlikely to grant another opportunity to amend.

Even with the liberal construction due to *pro se* litigants, the Court does not have license to serve as de facto counsel.[5]  *See United States v. Padgett*, 917 F.3d 1312, 1317 (11th Cir. 2019).  Plaintiff's third amended complaint is therefore dismissed with prejudice.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. "Defendant's Motion to Dismiss Plaintiff's Third Amended Complaint With Prejudice" (Doc. 40) is **GRANTED.**

2. Counts 1, 2, 3, 4, 5, and 6 of the third amended complaint (Doc. 39) are **DISMISSED WITH PREJUDICE,** without leave to amend.

3. The Clerk is directed to terminate any pending motions and deadlines, and thereafter close this case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 23rd day of October, 2024.

TOM BARBER
UNITED STATES DISTRICT JUDGE

---

[5] The Court has encouraged Plaintiff to retain counsel, but Plaintiff has declined to do so.